# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| BANK OF THE OZARKS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CV 212-015 |
| | * | |
| GEORGE SKARPALEZOS II, INC., WINNIE | * | |
| M. SKARPALEZOS, INC., GEORGE | * | |
| SKARPALEZOS, INC., GEORGE | * | |
| SKARPALEZOS, SR., GEORGE | * | |
| SKARPALEZOS, II, and WINNIE M. | * | |
| SKARPALEZOS, | * | |
| | * | |
| Defendants. | * | |

## ORDER

Presently before the Court are a Motion for Summary Judgment filed by Plaintiff, Bank of the Ozarks, see Dkt. No. 24, a Motion to Strike filed by Defendants, see Dkt. No. 27, and a Motion to Stay on Account of Bankruptcy filed by Defendant Winnie M. Skarpalezos, see Dkt. No. 41. For the reasons stated below, Defendants' Motion to Strike is **DENIED**. Dkt. No. 27. Plaintiff's Motion for Summary Judgment is **GRANTED** in part and **DENIED** in part. Dkt. No. 24. Plaintiffs' Motion is granted with regards to all other Defendants except for Winnie M. Skarpalezos, who is subject to an automatic stay in bankruptcy.

1

Because she has already been granted an automatic stay, Winnie M. Skarpalezos's second Motion to Stay on Account of Bankruptcy is **MOOT**. Dkt. No. 41.

## BACKGROUND

Bank of the Ozarks seeks to recover on three notes executed in favor of its predecessor, Oglethorpe Bank. See Dkt. No. 7. Defendants in this case are three individuals (George Skarpalezos II, George Skarpalezos, Sr., and Winnie M. Skarpalezos) (collectively "Individual Defendants") and their respective corporate entities, George Skarpalezos II, Inc., George Skarpalezos, Inc., and Winnie M. Skarpalezos, Inc. (collectively "Corporate Defendants").

On or about October 29, 2009, the Corporate Defendants executed the First Note in favor of Oglethorpe Bank for a principal amount of $197,815.32. The Individual Defendants signed Guaranty Agreements for the First Note. On June 9, 2010, George Skarpalezos, Sr. executed the Second Note in favor of Oglethorpe Bank for a principal amount of $445,000. No other Defendants signed or guaranteed the Second Note. On September 2, 2010, George Skarpalezos, II, executed another note, the Third Note, in favor of Oglethorpe Bank for $32,625.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate "if the movant shows that there is no

AO 72A
(Rev. 8/82)

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The court must view the evidence and draw all inferences in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). To discharge this burden, the movant must show the court that there is an absence of evidence to support the nonmoving party's case. Id. at 325. The burden then shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

**DISCUSSION**

**I. Defendants' Motion to Strike the Jones Affidavit**

Defendants' sole opposition to Bank of the Ozarks's Motion for Summary Judgment is that they object to the admissibility of the Jones Affidavit. See Dkt. No. 26. Defendants contend that because the affidavit was not based on Jones's personal knowledge, the affidavit violates Federal Rule of Evidence 601 and cannot serve as a basis for a summary judgment motion under Federal Rule of Civil Procedure 56. See Dkt. No. 26. This argument, however, is unpersuasive.

AO 72A
(Rev. 8/82)

The Jones Affidavit can properly serve as a basis for Plaintiff's summary judgment motion because it would be admissible at trial. Jones acquired sufficient personal knowledge of the facts in her affidavit by personally reviewing the bank records. "The custodian of the records need not be in control of or have individual knowledge of particular corporate records, but need only be familiar with the company's recordkeeping practices." United States v. Salgado, 250 F.3d 438, 452 (6th Cir. 2001). Because Jones was not present when Defendants signed the loan documents, she may not be qualified to testify as to whether Defendants signed the documents. However, Defendants have not contested the authenticity of the signatures or suggested that the signatures on the documents are forgeries.

Furthermore, the affidavit would be not be barred at trial by the hearsay rules. Bank of the Ozarks argues that the information in the affidavit falls within two hearsay exceptions—the Business Records Exception under Rule 803(6) and the Public Records Exception under Federal Rule of Evidence 803(8)—and this Court agrees.

"The general rule is that inadmissible hearsay cannot be considered on a motion for summary judgment." Jones v. UPS Ground Freight, 683 F.3d 1283, 1293 (11th Cir. 2012) (quoting Macuba v. Deboer, 193 F.3d 1316, 1322 (11th Cir. 1999)).

4

"Nevertheless, 'a district court may consider a hearsay statement if the statement could be reduced to admissible evidence at trial or reduced to admissible form." Id. (quoting Macuba, 193 F.3d at 1323).

Jones would be competent at trial to testify about the matters contained in her affidavit. The records Jones reviewed to prepare her affidavit would satisfy the requirements for the Business Records Exception. Under Federal Rule of Evidence 803(6), a record of an act, event, condition, opinion, or diagnosis can be admitted if:

> (A) the record was made at or near the time by-or from information transmitted by-someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

In Paragraph 42, Jones states the information contained in her affidavit is based on her personal knowledge and her review of Bank of the Ozarks's Business Records that were "made contemporaneously with the events reflected." Dkt. No. 24, Ex. 2, ¶¶ 42-43. This satisfies Subpart (A). As for Subpart (B),

5

the affidavit specifically states that "[t]he Business Records are kept in the normal course of the Bank's business." Dkt. No. 24, Ex. 2, ¶ 42. Subpart (C) is satisfied because the affidavit states that "Bank of the Ozarks relies upon these Business Records in the conduct of its regular business activities." Dkt. No. 24, Ex. 2, ¶ 42. Jones also testified that she was the custodian of these records, thus satisfying Subpart (D). Dkt. No. 24, Ex. 2, ¶ 40. Finally, as for Subpart (E) nothing suggests a lack of trustworthiness.

Additionally, much of the information contained in the affidavit also satisfies the Public Records exception under Rule 803(8). Jones' affidavit established that a significant portion of the information contained in her affidavit was based on the "payment history information" from the FDIC-R, acting as receiver of Oglethorpe Bank. Dkt. No. 24, Ex. 2, ¶ 40. Thus, the information contained in the Jones Affidavit would be admissible at trial and can be relied upon for purposes of summary judgment. See Fed. R. Civ. P. 56(c). Defendants' Motion to Strike therefore is denied.

## II. Bank of the Ozarks's Motion for Summary Judgment

Summary judgment in favor of Oglethorpe Bank is appropriate. As a preliminary matter, Georgia law, governs this breach of contract diversity action. See Goodwin v. George

Fischer Foundry Sys., Inc., 769 F.2d 708, 711 (11th Cir. 1985).

Under Georgia law:

> A plaintiff seeking to enforce a promissory note establishes a prima facie case by producing the note and showing that it was executed. Once that prima facie case has been made, the plaintiff is entitled to judgment as a matter of law unless the defendant can establish a defense."

Fielbon Dev. Co. v. Colony Bank of Houston Cnty., 660 S.E.2d 801, 805 (Ga. Ct. App. 2008).

Here, Bank of the Ozarks established its prima facie case by submitting the loan documents, documents showing the transfer of the loan documents to Bank of the Ozarks, and evidence demonstrating that Defendants are in default. Defendants, however, have failed to establish a viable defense.

Defendants have not admitted the execution of some of the notes and whether they are in default, but that is not enough to preclude summary judgment. In response to most of the information contained in the Amended Complaint, Defendants stated that they lacked sufficient knowledge or information to form a belief. See Dkt. Nos. 14, 15, 16, 17, 18, 19. They claimed they lacked sufficient information to form a belief as to whether or not they ever executed the loans in question. In response to most of Bank of the Ozarks's discovery requests for admissions, Defendants stated that they "[did] not have [the]

information at [the] time but reserve[d] the right to supplement [the response]." See Dkt. No. 24.

These denials and responses based on Defendants' assertions that they do not have enough information are insufficient to establish a genuine issue of material fact. Under Federal Rule of Civil Procedure 56(e)(2), "[w]hen a motion for summary judgment is properly made and supported, the nonmoving party may not rest on the mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial." Graff v. Baja Marine Corp., 310 Fed. App'x 298, 301 (11th Cir. 2009); see also Gibson v. Am. Greetings Corp., 670 F.3d 844, 853 (8th Cir. 2012) ("To clarify, although the burden of demonstrating the absence of any genuine issue of material fact rests on the movant, a nonmovant may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial.") (internal citations omitted). Therefore, Defendants repeated claims that they do not have sufficient information yet to form a belief is insufficient to preclude summary judgment.

**III. Stay on Account of Bankruptcy for Winnie M. Skarpalezos**

On October 26, 2012, Winnie M. Skarpalezos filed a Notice of Bankruptcy. See Dkt. No. 27. This Court granted her an automatic stay on November 1, 2012. See Dkt. No. 39. On December 12, 2012, Winnie M. Skarpalezos filed another Motion

8

for Stay on Account of Bankruptcy. See Dkt. No. 41. Because of the earlier order granting that request, this Court determines that motion to be moot.

**CONCLUSION**

For the reasons stated above, Defendants' Motion to Strike is **DENIED**. See Dkt. No. 27. Plaintiff's Motion for Summary Judgment, Dkt. No. 24, is **GRANTED** for all Defendants except for Winnie M. Skarpalezos, who is subject to an automatic stay. The Motion as to Winnie M. Skarpalezos is **DENIED**. Additionally, Winnie M. Skarpalezos's second Motion to Stay on Account of Bankruptcy, Dkt. No. 41, is **MOOT** because of this Court's earlier order granting such a request.

At this time, judgment is entered against Defendants George Skarpalezos II, Inc., Winnie M. Skarpalezos, Inc., George Skarpalezos, Inc., George Skarpalezos, Sr., and George Skarpalezos, II for the First Note Indebtedness for the amount of:

1.  $ 196,300.65 for unpaid principal;
2.  $ 29,989.78 for accrued interest;
3.  $ 2,253.97 for late charges; and
4.  $ 33,943.56 for attorneys' fees.

George Skarpalezos, Sr. is also liable on the Second Note for the amount of:

1.  $ 417,735.50 for unpaid principal;

AO 72A
(Rev. 8/82)

2.   $ 65,493.22 for accrued interest;

3.   $ 5,117.08 for late charges; and

4.   $ 72,484.31 for attorneys' fees.

George Skarpalezos, II is also liable on the Third Note for the amount of:

1.   $ 30,747.24 for unpaid principal;

2.   $ 2,802.50 for accrued interest;

3.   $ 629.85 for late charges; and

4.   $ 5,032.46 for attorneys' fees.

**SO ORDERED**, this 28th day of February, 2013.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA